```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DEINBO MacHARRY,

                        Plaintiff(s),          ORDER
                                                CV04-0936 (JS)(WDW)
        -against-

ALLAN KEMBLE, individually and as Branch
Manager, and UNITED PARCEL SERVICE
LOGISTICS GROUP, INC.,

                        Defendant(s).
-------------------------------------------------------------X
```
**WALL, Magistrate Judge:**

Before the court is a letter motion dated June 21, 2005 by the defendants, seeking to compel the production of an affidavit. The plaintiff opposes the motion, arguing that the affidavit is protected by the work product doctrine. For the reasons set forth herein, the motion is granted and costs awarded pursuant to Rule 37.

The affidavit in question, which the plaintiff has produced for *in camera* review, is a short statement by a non-party former employee of defendant United Parcel Service Logistics Group. The plaintiff takes the position that it is not discoverable because it is protected by the work product doctrine, and that it need not be described on a privilege log because the work product doctrine does not create a privilege but a protection. The plaintiff is wrong on both counts. The court in *Folger Adam Co. v. PMI Indus.* succinctly stated that an "affidavit is a witness' sworn recollection and does not, by definition, include an attorney's 'mental impressions, conclusions, opinions, or legal theories,'" so as to qualify for work product protection. 1989 U.S. Dist. LEXIS 13906, at *6 (S.D.N.Y. Nov. 21, 1989). The *Folger Adam* court distinguished between an affidavit signed by a witness and a draft of a witness's affidavit that had been prepared by a party's attorney and changed by the witness who ultimately signed it. The draft was work

product; the affidavit was not.

Plaintiff's counsel argues that *Folger Adam* found that "language in an affidavit that was drafted by counsel reflected counsel's views, and was subject to protection as work product," thus "differentiating the instant case from a case where the affidavit was of the affiant's own recollection of events." 6/24/05 Barang-Tariah Letter at 2. Surely counsel cannot be arguing that the signed affidavit represents not the affiant's own sworn recollection of events, but counsel's version of them. The document at issue here is a signed affidavit, not an attorney's draft, and the court assumes that it represents the affiant's sworn statement, not the attorney's views. Thus, it is not work product. While plaintiff is not required to produce any drafts of the affidavit that counsel may have prepared, he must produce the affidavit itself and any other similar, signed affidavits in his possession no later than July 7, 2005.

Even if the work product doctrine somehow applied here, plaintiff has waived it by failing to prepare a privilege log. *See* Fed. R. Civ. P. 26(b)(5); Local Civil Rule 26.2; *Johnson v. Bryco Arms,* 2005 WL 469612, *3 (Mar. 1, 2005). If a party fails to submit a privilege log or submits an inadequate log, the claim of privilege may be denied. *Johnson,* 2005 WL 469612 at *3. Plaintiff argues, *inter alia*, that, here, he was not required to list the affidavit on a privilege log because work product protection is not a privilege. Local Civil Rule 26.2 plainly states, however, that an "attorney asserting a privilege (**including work product**)" must identify the nature of the privilege and provide the information listed in the rule, including the name of the author and the date of the document. Plaintiff has flatly refused to provide that information, in violation of the applicable rules.

The plaintiff having shown no substantial justification for the failure to disclose, the court awards costs, including attorney's fees, in the amount of $300, pursuant to Federal Rule of Civil

2

Procedure 37(a)(4)(A).

Dated: Central Islip, New York
June 30, 2005

**SO ORDERED:**

 /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge